STULL BROTHERS, APPELLEES, V. JOHN SEYMOUR, APPELLANT.

FILED DECEMBER 4, 1901.   No. 10,660.

1. **Judicial Sale:** NOTICE.  The notice required for the sale of land upon execution or order of sale need not contain a statement of the amount due upon the judgment or decree for the satisfaction of which the sale is to be made.

2. ———: ———: DESCRIPTION OF PROPERTY.  The notice of sale required to be given by section 497 of the Code of Civil Procedure is sufficient if it describes the property about to be sold with reasonable certainty. *Pearson v. Badger Lumber Co.,* 60 Nebr., 167.

3. **Provisions of Law:** FAILURE TO COMPLY.  A failure to comply literally with all the provisions of the law relating to the sale of real property upon execution or order of sale will not justify a court in denying a motion for confirmation, where it is evident that such failure was not prejudicial to the rights of the defendant.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*B. O. Hostetler,* for appellant.

*Flansburg & Williams* and *William Gaslin, contra.*

SULLIVAN, J.

This case comes here by appeal. The order complained of ratifies the action of the sheriff of Buffalo county in making a sale of real estate under a decree of foreclosure. The defendant, Seymour, resisted the motion for confirmation upon various grounds.

In his brief filed in this court the first proposition for which he contends is that the notice of sale was defective, because it did not contain a statement of the amount due upon the decree. Upon this point it is only necessary to cite *Stratton v. Reisdorph,* 35 Nebr., 314, and *Amoskeag Savings Bank v. Robbins,* 53 Nebr., 776, in which it is held that no such statement is required by the statute.

Another objection to the notice of sale is that it does not mention either the county or state in which the mortgaged premises are situate. This, in our opinion, was not a fatal omission. A notice of this kind should, to be valid, contain a description of the land about to be sold. No case holds otherwise. In *Pearson v. Badger Lumber Co.,* 60 Nebr., 167, it was said: "A notice of sale which states that the sale is to be made by virtue of an order issued out of the district court in a certain case, entitling it, is a sufficient compliance with the statute"; but the court was there considering, not whether there was a sufficient description of the property, but whether the decree under which the sale had been made was properly described. There must, of course, be a description; but one that points out the land with reasonable certainty meets the requirement of the statute. In the notice which we are now considering the section, township and range were given and this description was not applicable to any other land in Nebraska.

It was also stated that the sale was to be made in execution of a decree rendered by the district court of Buffalo county in an action wherein William Stull and others were plaintiffs and John T. Seymour and others were defendants. This information should, it would seem, be sufficient to convey to the public with tolerable clearness the idea that the land in question was within the jurisdiction of the court and within the county in which the sheriff was authorized to exercise his functions. We can not imagine that any one intelligent enough to read the notice would fail to grasp its meaning.

Before the first publication of the notice of sale there was filed in the office of the clerk of the district court a copy of the appraisement, which is in one particular conceded to be defective; but as the original appraisement, which was filed shortly after it was made, has never been assailed and is, apparently, fair and just, it is evident that the defendant was not prejudiced in any way by the failure of the sheriff to comply literally with the statute.

The order of confirmation is right and is

AFFIRMED.